**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF<br><br>SEIZED ELECTRONIC DEVICES AND STORAGE MEDIA KNOWN AS:<br><br>THREE LG TARGET TELEPHONES | Case Number: 21-mj-8212-JPO |

## APPLICATION AND AFFIDAVIT FOR SEARCH WARRANT

I, Kyle Morgan, a Special Agent with the United States Department of Justice, Drug Enforcement Administration (DEA), being duly sworn, declare under penalty of perjury as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent (SA) with the United States Drug Enforcement Administration (DEA), and have been such since December 2020.   During my law enforcement career, I have received over 1,500 hours in specialized training from various federal law enforcement agencies. This training has focused upon methods of unlawful manufacturing of illegal narcotics via clandestine laboratories, the installation and monitoring of global positioning satellite (GPS) trackers, Title III wire interceptions, smuggling and distribution techniques, methods of drug trafficking, as well as the means by which drug traffickers derive, launder and conceal their profits from drug trafficking, the use of assets to facilitate unlawful drug trafficking activity and the law permitting the forfeiture to the United States of assets purchased with drug proceeds or assets used or intended to be used to facilitate the drug violations. I have gained a considerable amount of knowledge about drug trafficking organizations and their members through my training and experience. During the course of my training and interviews with various defendants I have learned how

individuals involved in drug distribution schemes maintain records and conspire to deceive law enforcement as well as rival distributors of controlled dangerous substances. I have learned how individuals who are involved in the distribution of controlled dangerous substances maintain records and secret monies derived from the sale of illegal drugs.

2. Based on my experience as a law enforcement officer, I also know that those involved in international drug trafficking rely heavily on telephones to communicate with one another in order to coordinate the smuggling, transportation, and distribution of illegal drugs, and that they frequently employ coded language and slang terminology in an effort to maintain secrecy while engaging in such communications.

3. Through my employment as a law enforcement officer, I have gained knowledge in the use of various investigative techniques, including the use of wire and electronic interceptions and other types of electronic surveillance, physical surveillance, undercover investigators, confidential informants, cooperating witnesses, controlled purchases of illegal drugs, consensually-monitored recordings, investigative interviews, trash searches, mail covers, financial investigations, administrative and grand jury subpoenas, and search and arrest warrants.

4. As a SA with the DEA, I am empowered to conduct investigations of, and to make arrests for, the offenses enumerated in Title 21, United States Code, Section 841.

5. As a SA with the DEA, I am currently assigned to the Kansas City District Office (KCDO), Group 41, of the St. Louis Field Division.

6. The devices are to be searched for evidence, fruits, and instrumentalities pertaining to violations of criminal offenses against the United States, namely, possession with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section

841(a)(1); unlawful use of a communication facility to commit and facilitate the commission of a drug trafficking offense, in violation of Title 21, United States Code, Section 843(b); and aiding and abetting the above-named offenses, in violation of Title 18, United States Code, Section 2.  As such, not all facts known to me are set forth within this affidavit, and I have only included information necessary to establish probable cause.

### IDENTIFICATION OF THE DEVICES TO BE EXAMINED

7. The items, collectively referred to as the "**target devices,**" to be searched are:

> **(1)  TARGET TELEPHONE #1:**
> **Make: LG**
> **Model: LG AN150S  – black in color**
> **DEC: 270113180109664994**
> **HEX: A10000199379E2**



> **(2)  TARGET TELEPHONE #2:**
> **Make: LG**
> **Model: LG AN150S – black in color**
> **DEC: 270113180109663811**
> **HEX: A1000019937543**



(3)  **TARGET TELEPHONE #3:**
**Make: LG**
**Model: LG -AN150S – black in color**
**DEC: 270113180109521122**
**HEX: A10500199147E2**



8.  I will maintain possession of the **target devices** within the District Kansas whenever this Court wishes to sign this affidavit. The applied-for warrant would authorize the forensic examination of the **target devices** to identify electronically stored data.  This examination would occur at either the Kansas City District Office located in Overland Park, KS or the Kansas City, KS Police Department, located in Kansas City, KS.  The decision which

location to use will depend upon the level of encryption of each unique device.

## PROBABLE CAUSE

9.  The United States, including the DEA, is conducting a criminal investigation of Laron Eugene Betts regarding possible violations of: possession with intent to distribute a controlled, in violation of Title 21, United States Code, Section 841(a)(1); unlawful use of a communication facility to commit and facilitate the commission of a drug trafficking offense, in violation of Title 21, United States Code, Section 843(b); and aiding and abetting the above-named offenses, in violation of Title 18, United States Code, Section 2.

10. On April 23, 2020, following a referral from the Kansas City, Kansas Police Department (KCKPD), the United States Marshal Service (USMS) Kansas Fugitive Apprehension Task Force (KFATF) arrested Betts in Kansas City, Missouri for an outstanding homicide warrant.

11. At the time of his arrest, law enforcement located a gray bag in the front passenger's seat of the vehicle Betts was driving, containing approximately 74.8 grams of suspected cocaine, 58.0 grams of suspected blue ecstasy pills, three boxes of .22 LR ammunition, one box of .45 caliber ammunition, and one round of .357 caliber ammunition. Law enforcement located a marijuana cigarette, possibly soaked in PCP in the center console cup holder along with three "disposable" cell phones. Law enforcement also located a large gray tote in the rear passenger-side seat. Inside the tote was a small gray bag containing approximately 56.3 grams of suspected heroin (EX2), 46.2 grams of suspected cocaine (EX6), 68.1 grams of suspected ecstasy pills (N-9, N-11, N-12, N-13), a pack of "More" brand cigarettes (EX4) possibly laced with PCP. Also inside the tote was a black bag

containing change and six .45 caliber bullets (N-6). Additionally, in the tote was a plastic rubbing alcohol bottle (EX1, EX1a) containing a light brownish liquid suspected to be PCP.

12. The **target devices** were seized and remanded to the KCKPD Homicide Unit during the duration of the investigation and have been maintained in law enforcement custody since they were seized. An undetermined amount of United States Currency later determined to be $6,131.00 was recovered from the vehicle. Some of the cash was rolled and secured with rubber bands. From training and experience, the large quantity of drugs and packaging in close proximity to currency indicates that the drugs were possessed for distribution and not for personal use. From training and experience, I know drug traffickers often use multiple "disposable" phones to coordinate drug deals. From training and experience, I believe that the three black LG phones recovered from the cup holder of the vehicle in Betts' possession will contain evidence of drug trafficking and other crimes mentioned above.

13. During Betts' arrest, investigators also recovered a Masterpiece Arms .45 caliber weapon in the vicinity of where Betts was taken into custody. Betts was also wearing an American Body Armor soft armor bullet resistant vest underneath his shirt at the time of his arrest.

14. On August 5, 2021 Betts was acquitted of the homicide charge in Kansas City, Kansas; however, Betts was remanded to the custody of the USMS for Supervised Release violations in Case # 2:12CR20094 – 001. He was charged by an eight (8) count indictment with possession with intent to distribute a controlled substance in the Western District of Missouri, amongst other charges.

15. On September 10, 2021, SA Michael Rupe retrieved the **target devices** from KCKPD Homicide Unit, and submitted the target **devices** as evidence for further investigation. The

target **devices** currently held in the Non-Drug Evidence Vault at the KCDO in Overland Park, Kansas.

16. Based on the aforementioned facts, I believe these **target devices** contain information that will help identify cocaine, heroin, and ecstasy sources as well as other co-conspirators. I know it is common for drug traffickers to refer to other co-conspirators by first name only or by nickname and store such information in the electronic phone book of the mobile phones. I know retrieving names and the respective phone numbers associated with them, would assist in further identifying sources of supply and co-conspirators that would otherwise be difficult or nearly impossible to identify without direct knowledge of these individuals. I know a common trend in narcotics trafficking is to use pre-paid mobile phones that require little or no personal information to activate. Hence, the effectiveness of administrative subpoenas for respective mobile phone companies is limited when individuals do not have to provide personal information. I know drug traffickers use mobile phones equipped with digital cameras and use such devices to photograph narcotics and proceeds from the sale of narcotics. I know drug traffickers photograph themselves with other co-conspirators and many times photograph themselves.

17. From training and experience, I know drug trafficking often use cellular telephones to set up their transactions and frequently have stored text messages, phone calls, and stored image and video files indicating prior illegal transactions. I also know GPS devices store location data, sometimes for years, of previously visited locations and the date and time of those visits. I am also aware that communication with fellow drug dealers and drug customers occur by a variety of means. Those communication means include: email, chats through social networking sites, chats through other internet clients, and other means

facilitated by computers/smartphones/cell phones being used on the internet. I also know drug traffickers will often store information on cellular phones related to their drug trafficking activity. Further, I know drug traffickers are routinely aware of potential incriminating evidence contained in these devices and will attempt to separate themselves from these devices by discarding them while fleeing from arrest, breaking them before law enforcement seizure, concealing them from view, and/or denying ownership.

18. At the time of the presentation of this affidavit, the above-described **target devices** are being held at the DEA KCDO Non-Drug Evidence Vault. Pursuant to Federal Rule of Criminal Procedure 41(b)(2), the above-described cellular telephones may be moved outside the District of Kansas for the purpose of executing the search warrant.

19. Therefore, I believe probable cause exists for the issuance of a search warrant for the **target devices**.

_Kyle Morgan_
_____
Kyle Morgan
Drug Enforcement Administration

Subscribed and sworn after being submitted by reliable electronic means on this 4th day of October 2021.

_James P. O'Hara_
_____
HONORABLE JAMES P. O'HARA
United States Magistrate Judge
District of Kansas